United States District Court
Southern District of Texas
**ENTERED**
July 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-0951 |
| | § | |
| ALKITSA INVESTMENT LIMITED, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sean White ("Plaintiff") asserts a claim for declaratory and injunctive relief for violations of the Americans with Disabilities Act ("ADA") against Alkitsa Investment Limited, Inc. ("Defendant").[1]  Pending before the court is Defendant's Rule 12(b)(1) and/or 12(c) Motion to Dismiss, Motion for Judgment on the Pleadings & Motion for Fees ("Motion to Dismiss") (Docket Entry No. 13).  For the reasons stated below, the Motion to Dismiss will be granted in part and denied in part.

**I.  Factual and Procedural Background**

Defendant owns commercial property located at 5727 Westheimer Road A-1, Houston, Texas 77057 ("the Property").[2]  Plaintiff

---

[1] First Amended Complaint ("Amended Complaint"), Docket Entry No. 8, p. 1 ¶ 1.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] Id. at 3 ¶ 9, 6 ¶ 11.

alleges that he visited the Property in January of 2020.[3] Plaintiff suffers from mobility impairments and alleges that his access to the property was inhibited by the property's failure to meet ADA requirements.[4] Specifically, Plaintiff alleges that the property lacked van accessible disabled parking because the disabled parking spaces did not have a wide enough access aisle and the ramp from the aisle to the sidewalk extended into the access aisle.[5] Plaintiff incorporated photographs of the property in his Amended Complaint that show the complained-of ramp but in which the exact widths of the aisle and spaces are not discernable.[6] Plaintiff filed this action on March 15, 2020, seeking injunctive and declaratory relief against Defendant under the ADA.[7] The specific injunction sought is "to compel Defendant to repave and restripe the parking lot to complly with the ADA . . . [and] to keep the property in compliance with federal law."[8]

On May 18, 2020, Defendant answered and filed its Motion to Dismiss.[9] Defendant included in its filings Google Street View

---

[3]Id. at 6 ¶ 11.

[4]Id. at 1-2 ¶¶ 1-2.

[5]Id. at 7 ¶ 15.

[6]Id. at 4-5.

[7]Complaint, Docket Entry No. 1.

[8]Amended Complaint, Docket Entry No. 8, p. 9 ¶ 21.

[9]Motion to Dismiss, Docket Entry No. 13; Defendant's Answer to Plaintiff's First Amended Complaint, Docket Entry No. 14.

photographs time-stamped January of 2020 that show that the parking lot has been repaved and restriped and that the ramp no longer extends into the access aisle.[10] Defendant also included Google Street View photographs time-stamped December of 2018 that are functionally identical to those incorporated in Plaintiff's Amended Complaint.[11]

Defendant seeks dismissal of the action because it has already corrected the ADA deficiencies identified by Plaintiff's Amended Complaint.[12] Defendant also seeks sanctions against Plaintiff's counsel under 18 U.S.C. § 1927 for "unreasonable and vexatious behavior."[13] Plaintiff responded on June 4, 2020,[14] and Defendant replied on June 11, 2020.[15] On July 16, 2020, Defendant filed a Notice of Submission of Supplemental Declaration in Support of Motion for Sanctions ("Defendant's Supplement") [Docket Entry No. 24] updating the amount of sanctions it seeks. On July 17, 2020, Plaintiff filed a Motion to Strike Dkt 24 for Being Filed Out of Time, Sanctions Not Available Under FRCP 11 ("Motion to Strike") [Docket Entry No. 25].

---

[10]Motion to Dismiss, Docket Entry No. 13, p. 9 & n.7.

[11]Id. at 10 & n.8.

[12]Id. at 13-15.

[13]Id. at 15-16.

[14]Response in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Response"), Docket Entry No. 16.

[15]Defendant's Reply in Support of Its Motion to Dismiss, Motion for Judgment on the Pleadings & Motion for Fees, Docket Entry No. 17.

## II. 12(b)(1) Subject Matter Jurisdiction

Defendant argues that the court lacks subject matter jurisdiction over this action because Plaintiff does not have standing to seek the declaratory and injunctive relief he seeks.[16] The court must decide whether it has subject matter jurisdiction over the action before it may consider Defendant's other Rule 12 motions. See Morris v. Livingston, 739 F.3d 740, 745 (5th Cir. 2014).

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs challenges to the court's subject matter jurisdiction. "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant County, Texas, 798 F.2d 736, 741 (5th Cir. 1986).

Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. See

---

[16]Motion to Dismiss, Docket Entry No. 13, pp. 14-15.

Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack is a Rule 12(b)(1) motion unaccompanied by supporting evidence that challenges the court's jurisdiction based solely on the pleadings. Id. A factual attack challenges the factual basis for subject matter jurisdiction, and matters outside the pleadings may be considered. Id. Plaintiff, as the party asserting federal jurisdiction, bears the burden of showing that the jurisdictional requirements have been met. Alabama-Coushatta Tribe of Texas v. United States, 757 F.3d 484, 487 (5th Cir. 2014).

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (internal quotations omitted). One element of the case-or-controversy requirement is that a plaintiff must establish, on the basis of the complaint, standing to sue. Raines v. Byrd, 117 S. Ct. 2312, 2317 (1997) (citing Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136-37 (1992)). To have standing "[a] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 136 S. Ct. at 1547 (citing Lujan, 112 S. Ct. at 2136). "[A] plaintiff must demonstrate standing for each claim he seeks to press" and have "standing separately for each form of relief sought." DaimlerChrysler Corp. v. Cuno, 126 S. Ct. 1854, 1867 (2006)

(citation omitted). The precise requirements for standing depends on "the nature and source of the claim asserted." Warth v. Seldin, 95 S. Ct. 2197, 2206 (1975)). "[I]f the plaintiff seeks equitable relief, he must also show that 'there is a real and immediate threat of repeated injury.'" Deutsch v. Annis Enterprises, Inc., 882 F.3d 169, 173 (5th Cir. 2018) (quoting City of Los Angeles v. Lyons, 103 S. Ct. 1660, 1665 (1983)).

**B.   Analysis**

Defendant argues that Plaintiff has not demonstrated the necessary "real and immediate threat of repeated injury" to establish standing for the injunctive and declaratory relief he seeks because the ADA violations he points to have been remedied.[17] Plaintiff argues that even if the property has been remediated he may seek a permanent injunction, and that Defendant has provided "no proof" that the property has been remediated.[18]

Plaintiff's argument that he may seek a permanent injunction regardless of any remediation lacks merit. ADA plaintiffs who seek a permanent injunction in federal court must demonstrate "a real and immediate threat of repeated injury." Deutsch, 882 F.3d at 173. This typically requires a showing of ADA violations that will negatively affect the Plaintiff's day-to-day life. Id.; Frame v. City of Arlington, 657 F.3d 215, 236 (5th Cir. 2011). "Past

---

[17]Motion to Dismiss, Docket Entry No. 13, pp. 14-15.

[18]Plaintiff's Response, Docket Entry No. 16, p. 8.

-6-

exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 94 S. Ct. 669, 676 (1974). And "the mootness exception for disputes capable of repetition yet evading review . . . will not revive a dispute which became moot before the action commenced." Renne v. Geary, 111 S. Ct. 2331, 2338 (1991). Accordingly, if Defendant has already remediated the Property and Plaintiff cannot show that his day-to-day activities will be affected by the Property in its present state, the court must dismiss the action for lack of a case or controversy.

The court must therefore resolve the disputed fact issue of whether the parking lot has been remediated. Because Defendant has cited evidence outside the pleadings in support of its Rule 12(b)(1) Motion to Dismiss (specifically, the Google Street View photographs), the motion is a factual attack, and the court's review is not limited to whether the Amended Complaint sufficiently alleges jurisdiction. Paterson, 644 F.2d at 523. It is Plaintiff's burden to provide evidence to the court to show by a preponderance of the evidence that the court has subject matter jurisdiction. Id.

The Amended Complaint alleges that the Property is not ADA compliant because it lacks two ADA-compliant van accessible spaces.[19] Plaintiff alleges that the two disabled parking spaces

---

[19]Amended Complaint, Docket Entry No. 8, p. 7 ¶ 14.

near the entrance of the Property are not ADA compliant because the access aisle is not wide enough and because the ramp onto the sidewalk extends into the access aisle, and that the incorporated photographs show these violations.[20] But the only evidence submitted by the parties as to remediation are the various Google Street View photographs. The court finds that the photographs incorporated in the Amended Complaint are Google Street View photographs dated December of 2018, over two years prior to Plaintiff's alleged visit to the Property in January of 2020. The court further finds that the only apparent defect that appears in the December of 2018 photographs — the access ramp that extends into the disabled access aisle — has plainly been remediated based on the January 2020 photographs.

The other specific defect Plaintiff alleges — that the spaces and access aisle are not wide enough — cannot be readily discerned in either the December of 2018 or January of 2020 photographs. Plaintiff has provided no evidence to support his claim that the spaces and aisle are not wide enough or that the parking on the Property otherwise presently violates ADA requirements. Moreover, Plaintiff has provided no evidence to support the Amended Complaint's assertion that he intends to return to the Property. Because there is insufficient evidence to support that the alleged violations have not been remediated and will negatively affect his

---

[20] Id. at 7 ¶ 15.

day-to-day life, Plaintiff has not met his burden to show a likelihood of future injury necessary to obtain equitable relief. See Deutsch, 882 F.3d at 174. Since Plaintiff seeks only equitable relief (and attorney's fees) under the ADA, the court will dismiss the action without prejudice for lack of subject matter jurisdiction. Because the court lacks subject matter jurisdiction, it will not consider Defendant's Rule 12(c) Motion for Judgment on the Pleadings.

### III. 28 U.S.C. § 1927 Attorney's Fees

Defendant seeks attorney's fees from Plaintiff's counsel under 28 U.S.C. § 1927, which permits the court to award costs, expenses, and attorney's fees incurred as the result of the unreasonable and vexatious multiplication of proceedings in federal court. Defendant argues that Plaintiff's counsel's conduct in this action is unreasonable and vexatious because he filed the action despite knowledge of the January 2020 photographs demonstrating that the Property had been remediated.[21] The court retains jurisdiction to impose sanctions to enforce its rules, even in the absence of subject matter jurisdiction. Fleming & Associates v. Newby & Tittle, 529 F.3d 631, 637 (5th Cir. 2008).

To find an attorney multiplied proceedings "unreasonably" and "vexatiously" there must "be evidence of bad faith, improper

---

[21]Motion to Dismiss, Docket Entry No. 13, p. 16.

motive, or reckless disregard of the duty owed to the court." Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998); see also Payne v. University of Southern Mississippi, 681 F. App'x 384, 388 (5th Cir. 2017) and Proctor & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002). The Fifth Circuit construes Section 1927 strictly and applies sanctions sparingly. Lawyers Title Insurance Corp. v. Doubletree Partners, L.P., 739 F.3d 848, 871-72 (5th Cir. 2014); Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 535 (5th Cir. 1996); Baulch v. Johns, 70 F.3d 813, 817 (5th Cir. 1995). Section 1927 applies only to costs associated with "'the persistent prosecution of a meritless claim.'" See, e.g., Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th Cir. 1999); Pease v. Pakhoed Corp., 980 F.2d 995, 1001 (5th Cir. 1993); Browning v. Kramer, 931 F.2d 340, 345-46 (5th Cir. 1991); Ponder v. Wersant, Civil Action No. 17-CV-00537, 2017 WL 3923544 (S.D. Tex Sept. 5, 2017). Except when the entire course of proceedings were unwarranted and should not have been commenced or continued, an award under § 1927 may not shift the financial burden of defending an action. Browning, 931 F.2d at 345. Sanctions will not be imposed for the mere negligence of an attorney. Baulch, 70 F.3d at 817; Hahn v. City of Kenner, 1 F. Supp. 2d 614, 617-18 (E.D. La. 1998).

Section 1927 prohibits the persistent prosecution of meritless claims. Thomas v. Capital Security Services, Inc., 836 F.2d 866,

-10-

875 (5th Cir. 1988). In assessing whether maintenance of claims was unreasonable, it is not enough that Plaintiff's claims failed. Defendant must show with more than merely the benefit of hindsight that Plaintiff's counsel persisted in asserting claims after it became clear that the claims lacked merit. <u>Federal Deposit Insurance Corp. v. Calhoun,</u> 34 F.3d 1291, 1298, 1300 (5th Cir. 1994).

The court is not persuaded that § 1927 sanctions against Plaintiff's counsel are warranted. That Defendant provided Plaintiff's counsel with the January 2020 photographs and informed him that the deficiencies had been remedied is not sufficient to prove that Plaintiff's counsel filed the action with knowledge of or recklessness as to whether it was frivolous and lacked merit. Plaintiff's counsel may have had knowledge that the parking lot had been repaved and restriped, but this does not necessarily mean that Plaintiff's counsel must have known the claim could not succeed or that the parking lot now fully complies with ADA guidelines. While Plaintiff's counsel has failed to present the evidence required to establish the court's subject matter jurisdiction over Plaintiff's claim, this does not mean that counsel knew in advance that he would be unable to establish the court's jurisdiction or demonstrate an ongoing injury to his client. Accordingly, the court will deny Defendant's motion for attorney's fees under § 1927. Because the court will not award fees, Defendant's

Supplement as to the amount of fees is not relevant, and Plaintiff's Motion to Strike is moot.

### IV. Conclusion and Order

For the reasons explained above, the court concludes that it lacks subject matter jurisdiction over Plaintiff's ADA claims and that Defendant has not demonstrated that it is entitled to attorney's fees under § 1927.  Accordingly, Defendant's Rule 12(b)(1) and/or 12(c) Motion to Dismiss, Motion for Judgment on the Pleadings & Motion for Fees (Docket Entry No. 13) is **GRANTED** as to the 12(b)(1) Motion to Dismiss and is **DENIED** as to the Motion for Fees.  Plaintiff's Motion to Strike Dkt 24 for Being Filed Out of Time, Sanctions Not Available Under FRCP 11 (Docket Entry No. 25) is **DENIED as moot**.

**SIGNED** at Houston, Texas, on this the 21st day of July, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE